| UNITED STATES BANKRUPTCY COURT<br>Northern District of Illinois | VOLUNTARY PETITION |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Chicagoland Conservative Jewish High School Foundation | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): None. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): 36-4167962 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1095 Lake Cook Road<br>Deerfield, IL<br>ZIP CODE : 60015 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: Lake | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other (Religious High School)

**Tax-Exempt Entity** (Check box, if applicable.)
- [x] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors** (Check one box.)
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 101(51D).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $50,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $50,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Chicagoland Conservative Jewish High School Foundation |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)    (Date) |
| ☐ Exhibit A is attached and made a part of this petition. | |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor – Venue
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (4/10)                  Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Chicagoland Conservative Jewish High School Foundation |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with chapter 15 of title 11, United States Code.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney\***<br><br>X /s/ *[signature]*<br>Signature of Attorney for Debtor(s)<br>**Nathan F. Coco**<br>Printed Name of Attorney for Debtor(s)<br>**McDermott Will & Emery LLP**<br>Firm Name<br>**227 West Monroe Street**<br>**Suite 4700**<br>**Chicago, IL 60606**<br>Address<br>**312-372-2000**<br>Telephone Number<br>**5/5/2011**<br>Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>X _____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ *[signature]*<br>Signature of Authorized Individual<br>**Larry Gerber**<br>Printed Name of Authorized Individual<br>**Treasurer**<br>Title of Authorized Individual<br>**5/5/2011**<br>Date | |

# RESOLUTION OF EXECUTIVE COMMITTEE OF
# CHICAGOLAND CONSERVATIVE JEWISH HIGH SCHOOL FOUNDATION

As of the 5th day of May, 2011, the members constituting a majority of the votes of a quorum of the executive committee (the "*Executive Committee*") of Chicagoland Conservative Jewish High School Foundation, an Illinois not-for-profit corporation (the "*Corporation*"), took the following actions and adopted the following resolutions on behalf of the board of directors (the "*Board of Directors*") of the Corporation:

WHEREAS, the Executive Committee reviewed and considered the materials presented by the management and the advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and impact of the foregoing on the Corporation's businesses;

WHEREAS, the Executive Committee has had the opportunity to consult with the management and the advisors of the Corporation and fully consider each of the strategic alternatives available to the Corporation;

WHEREAS, the Executive Committee has approved and authorized the Corporation to enter into a certain Term Sheet dated as of April 29, 2011 (the "*Term Sheet*") and a certain Plan Support Agreement dated as of April 29, 2011 (the "*Plan Support Agreement*") by and among the Corporation and the indenture trustee and majority holders of those certain Village of Deerfield, Lake and Cook Counties, Illinois Educational Facility Revenue Bonds (Chicagoland Jewish High School Project) Series 2006 (the "*Bonds*");

WHEREAS, the Executive Committee has approved and authorized the Corporation to enter into a certain Plan Voting Agreement dated as of April 29, 2011 (the "*Plan Voting Agreement*") by and among the Corporation and Allstate Insurance Company as a holder of the Bonds; and

WHEREAS, the Term Sheet, Plan Support Agreement and Plan Voting Agreement contemplate a consensual restructuring of the Bonds pursuant to a Chapter 11 plan of reorganization, the terms of which have been negotiated between the Corporation and the representatives for the indenture trustee and majority holders.

I.  **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Executive Committee, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that (a) the Corporation file or cause to be filed a voluntary petition (the "*Petition*") for relief under the provisions of chapter 11 title 11 of the United States Code (the "*Bankruptcy Code*"), and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

RESOLVED FURTHER, that the officers of the Corporation or any one of them, or any person or persons so designated by the Board of Directors (collectively, the "*Officers*"), be and they hereby are authorized to execute and file (or direct others to do so on their behalf as provided herein) on behalf of the Corporation all necessary agreements and documents, including, without limitations, all petitions, affidavits, schedules, motions, lists, applications, pleadings, plans of reorganization and other papers or documents, and to take any and all action that they deem necessary or proper to obtain the relief described herein;

RESOLVED FURTHER, that in connection with the acts authorized herein, the Corporation may employ and retain all assistance by legal counsel, accountants or other professionals and may take any and all action which they deem necessary and proper in connection with a chapter 11 bankruptcy case, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that the Officers of the Corporation be, and they hereby are, authorized and directed to employ the law firm of McDermott Will & Emery LLP as general bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Officers of the Corporation are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of McDermott Will and Emery, LLP;

FURTHER RESOLVED, that the Officers of the Corporation be, and they hereby are, authorized and directed to employ the firm of The Garden City Group, Inc. as notice, claims, and balloting consultant to assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Officers of the Corporation are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of The Garden City Group, Inc.;

FURTHER RESOLVED, that the Officers of the Corporation be, and they hereby are, authorized to employ financial advisors to the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Officers of the Corporation are hereby authorized to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of financial advisers;

## II.     Cash Collateral

FURTHER RESOLVED that the Corporation, prior to the chapter 11 case and subsequent thereto as debtor and debtor-in-possession, be, and hereby is, authorized (a) to obtain the use of cash collateral in such amounts, and on such terms as may be approved by any one or more of the Officers as reasonably necessary for the continuing

conduct of the affairs of the Corporation, (b) to grant security interests in and liens upon all or substantially all of the Corporation's assets as may be deemed necessary by any one or more of the Officers in connection with such use of such cash collateral, and (c) to file any financing statements, assignments for security or other documents in the name of the Corporation as may be necessary or desirable to perfect the security interests granted to lenders (the authorized actions contained in this paragraph shall be collectively referred to herein as "*Authorized Financing Transactions*");

RESOLVED FURTHER, that the Corporation will obtain benefits from any Authorized Financing Transactions which may be necessary and convenient to the conduct, promotion and preservation of the business and assets of the Corporation;

RESOLVED FURTHER, that each of the Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in connection with the Authorized Financing Transactions, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents contemplated by the Authorized Financing Transactions and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of the Corporation under its corporation seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Corporation's obligations under or in connection with the Authorized Financing Transactions, and to carry out fully the intent of the foregoing resolutions;

RESOLVED FURTHER, that each of the authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Authorized Financing Transactions which shall in their sole judgment be necessary, proper or advisable;

### III.   Further Actions and Prior Actions

RESOLVED FURTHER, that the Officers be, and each of them, with full authority to act without the others, hereby is, authorized, in the name and on behalf of the Corporation and the Corporation as debtor and debtor-in-possession, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further pleadings, affidavits, declarations, agreements, documents, certificates and undertakings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions;

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions, including, without limitation, actions taken to (a) restructure the Corporation's debt, (b) pursuant to any Authorized Financing Transaction, (c) enter into and consummate the Term Sheet, Plan Support Agreement and the Plan Voting Agreement or (d) in connection with seeking or obtaining relief under chapter 11 of the Bankruptcy Code and in connection with any bankruptcy cases resulting therefrom, done in the name of and on behalf of the Corporation which acts

would have been approved by the foregoing resolutions even if such acts were undertaken before these resolutions were certified, are hereby approved, authorized and ratified in all respects.

* * * * *

DM_US 27031598-5.099749.0351

## CERTIFICATE

The undersigned, Larry Gerber, Treasurer of Chicagoland Conservative Jewish High School Foundation, an Illinois not-for-profit corporation, hereby certifies as follows:

1. I am the duly qualified and elected Treasurer and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Corporation.

2. Attached hereto is a true, complete and correct copy of the resolution of the Executive Committee on behalf of the Board of Directors of the Corporation, duly adopted at a properly convened meeting of the Executive Committee on May 5, 2011, by the members constituting a majority of the votes of the quorum of the members there present, in accordance with the bylaws of the Corporation.

3. Such resolution has not been amended, altered, annulled, rescinded or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors of the Corporation relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 5th day of May, 2011.

_____
Larry Gerber
Treasurer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 11 |
|---|---|
| CHICAGOLAND CONSERVATIVE JEWISH HIGH SCHOOL FOUNDATION, | Case No. _____ |
| Debtor. | |

## LIST OF CREDITORS HOLDING
## 20 LARGEST CLAIMS

Chicagoland Conservative Jewish High School Foundation, the above-captioned debtor and debtor-in-possession (the "*Debtor*") filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. Attached to the petition, and the Declaration of Larry Gerber, is a list of the 20 largest unsecured creditors (the "*Top 20 List*") which is based on the Debtor's books and records as of approximately December 2010. The Top 20 List was prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtor's chapter 11 case. The Top 20 List does not include: (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101; or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by the Debtor nor is it binding on the Debtor. The Debtor reserves all rights to challenge the priority, nature, amount or status of any claim or debt.

| (1) Name of Creditor | (2) Contact Information | (3) Nature of Claim | (4) Estimated Amount of Claim |
|---|---|---|---|
| Wells Fargo Bank, NA as Indenture Trustee | Attn: Gordon I. Gendler MAC N9311-115 625 Marquette Avenue Minneapolis, MN 55479 | Secured Bonds | $30,557,701.25 (Secured by all or substantially all of the Debtor's assets) |
| Mann, Weitz & Associates, LLC | Mann. Weitz and Associates, LLC 111 Deer Lake Road, Suite 125 Deerfield, IL 60015 | Trade Debt | $11,180.00 |
| CJE Senior Life | CJE Senior Life Accounting Department 3003 W. Touhy AV Chicago IL 60645 | Trade Debt | $8,019.27 |

| (1)<br>Name of Creditor | (2)<br>Contact Information | (3)<br>Nature of Claim | (4)<br>Estimated Amount of Claim |
|---|---|---|---|
| Citywide Building Maintenance | Citywide Building Maintenance<br>160 Martin Lane, Suite A<br>Elk Grove Village, IL 60007 | Trade Debt | $5,600.00 |
| AT&T Midwest | C/o CBCS<br>PO BOX 163250<br>COLUMBUS, OH 43216-3250 | Trade Debt | $4,880.80 |
| IKON Office Solutions | Ikon Financial Services<br>PO Box 650016 Dallas, TX 75265-0016 | Trade Debt | $1,907.30 |
| Pitney Bowes | Pitney Bowes<br>PO Box 371887<br>Pittsburgh, PA 15250-7887 | Trade Debt | $1,292.39 |
| Image Systems & Business Solutions, LLC | Image Systems & Business Solutions, LLC 1092 National Parkway<br>Schaumburg, IL 60173-4519 | Trade Debt | $990.01 |
| CDW Gov | CDW Government, Inc.<br>75 Remittance Drive Suite 1515<br>Chicago, IL 60675-1515 | Trade Debt | $619.90 |
| Gopher | Gopher NW 5634<br>PO BOX 1450 Minneapolis, MN 55485 | Trade Debt | $540.09 |
| Honeywell International Inc | Honeywell International Inc<br>12490 Collections Center Drive<br>Chicago, IL 60693 | Trade Debt | $486.00 |
| Garvey's Office Products | Garvey's Office Products<br>PO Box 66667<br>Chicago, IL 60666-0667 | Trade Debt | $435.00 |
| KONE | KONE, Inc<br>PO Box 429 Moline, IL 61266 | Trade Debt | $409.65 |
| American Quality Products Corp | American Quality Products Corp | Trade Debt | $280.44 |
| Groot Industries, Inc | Groot Industries, Inc<br>PO Box 1305<br>Elk Grove Village, IL 60009-1305 | Trade Debt | $259.88 |
| AT&T 585 | AT&T<br>PO Box 8100<br>Aurora, IL 60507-8100 | Trade Debt | $247.40 |
| Sign-a-Rama | Sign-a-Rama<br>352 Lexington Dr.<br>Buffalo Grove IL 60089 | Trade Debt | $220.00 |

| (1)<br>Name of Creditor | (2)<br>Contact Information | (3)<br>Nature of Claim | (4)<br>Estimated Amount of Claim |
|---|---|---|---|
| Gill Athletics, Inc | Gill Athletics, Inc<br>PO Box 1790<br>Champaign, IL 61824-1790 | Trade Debt | $54.73 |
| Sam's Club | Sam's Club<br>PO 9001907<br>Louisville, KY 40290-1907 | Trade Debt | $35.00 |
| Saffir, Ken | Ken Saffir<br>1143 Sheridan Rd Highland Park, IL 60035 | Trade Debt | $30.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CHICAGOLAND CONSERVATIVE<br>JEWISH HIGH SCHOOL FOUNDATION,<br><br>Debtor. | Chapter 11<br><br>Case No. _____ |

## DECLARATION REGARDING LIST OF
## CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

I, Larry Gerber, Treasurer of Chicagoland Conservative Jewish High School Foundation, declare under penalty of perjury that I have read the List of Creditors Holding 20 Largest Unsecured Claims submitted herewith and that it is true and correct to the best of my information and belief and will be supplemented to the extent additional information regarding creditors becomes available.

Dated: May 5, 2011

_L. Gerber_
Larry Gerber
Treasurer

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.