**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>CHICAGOLAND CONSERVATIVE<br>JEWISH HIGH SCHOOL FOUNDATION,<br><br>Debtor. | Chapter 11<br>Case No. 11-19342<br>Hon. Judge Sonderby<br><br>Hearing Date:   January 31, 2012<br>Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION AND HEARING

**PLEASE TAKE NOTICE** that on January 31, 2012, the reorganized debtor in the above-captioned case (the "*Reorganized Debtor*") filed the attached ***Reorganized Debtor's Motion for an Order for Final Decree Closing Its Chapter 11 Case*** (the "*Motion*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "*Court*").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held on **Tuesday, January 31, 2012 at 10:30 a.m. CST** before The Honorable Susan P. Sonderby in Courtroom 642 at the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, 60604.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Motion must be in writing and filed with the Court on or before **Thursday, January 26, 2012 at 4:00 p.m. CST** and served by such time on: (a) the undersigned counsel to the Reorganized Debtor; and (b) the Office of the United States Trustee for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, Attention: Steven Wolfe. *Should you fail to file a timely objection, please be advised that the Court may enter a final decree and order closing the case without further notice to you.*

**PLEASE TAKE FURTHER NOTICE** that you may obtain copies of all pleadings referenced above: (a) via the internet at http://www.gcginc.com; or (b) by requesting copies from George M. Houhanisin, who can be contacted by e-mail at ghouhanisin@mwe.com or by telephone at (312) 372-2000.

Dated: January 3, 2012

    McDermott Will & Emery LLP

By:  /s/ Nathan F. Coco
      One of Its Attorneys

William P. Smith (*wsmith@mwe.com*)
Nathan F. Coco (*ncoco@mwe.com*)
Miles W. Hughes (*mwhughes@mwe.com*)
George M. Houhanisin (*ghouhanisin@mwe.com*)
227 West Monroe Street
Chicago, Illinois 60606
Phone: (312) 372-2000
Fax: (312) 984-7700

Counsel for the Reorganized Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>CHICAGOLAND CONSERVATIVE<br>JEWISH HIGH SCHOOL FOUNDATION,<br><br>Debtor. | Chapter 11<br>Case No. 11-19342<br>Hon. Judge Sonderby<br><br>Hearing Date:   January 31, 2012<br>Hearing Time: 10:30 a.m. |

**REORGANIZED DEBTOR'S MOTION FOR AN ORDER
FOR FINAL DECREE CLOSING ITS CHAPTER 11 CASE**

Chicagoland Conservative Jewish High School Foundation, the reorganized debtor in the above-captioned case (the "*Reorganized Debtor*"), hereby moves pursuant to sections 105(a) and 350(a) of title 11 of the United States Code, as amended (the "*Bankruptcy Code*"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3022-1, for entry of an order and final decree, substantially in the form attached hereto as <u>Exhibit A</u>, in aid of implementation of the Reorganized Debtor's previously-confirmed First Amended Plan of Reorganization (as amended and modified from time to time, the "*Plan*") [Docket No. 129].[1] In support of this motion, the Reorganized Debtor states as follows:

**<u>Jurisdiction</u>**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Additionally, Article 13 of the Plan and paragraph 101 of the Court's *Finding of Facts, Conclusions of Law, and Order Confirming Debtor's First Amended Plan of Reorganization* dated September 14, 2011

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan.

[Docket No. 148] (the "*Confirmation Order*") specifically provide this Court with jurisdiction to consider the motion.

2.   Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   The statutory predicates for the relief sought herein are sections 105(a) and 305(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1.

## Background

4.   On May 5, 2011 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"), thereby commencing this chapter 11 case (this "*Chapter 11 Case*").

5.   On July 29, 2011, the Debtor filed the Plan which provided for, *inter alia*, (a) a balance sheet restructuring, (b) an exchange of the Debtor's Original Bonds for Reissued Bonds, and (c) the payment in full of all other Allowed Claims.

6.   On September 14, 2011, the Court entered the Confirmation Order confirming the Plan.

7.   The Plan "Effective Date" occurred on September 30, 2011.

8.   Following the Effective Date, the Reorganized Debtor undertook to (a) resolve disputed claims, (b) effectuate the exchange transaction with respect to the Reissued Bonds, (c) make distributions to creditors holding Allowed Claims, and (d) otherwise consummate the Plan. Indeed, the bond exchange transaction has now been closed and the Plan has been substantially consummated.  There are no adversary proceedings or contested matters pending in this Chapter 11 Case.

**Relief Requested**

9. By this Motion, the Reorganized Debtors seek entry of a final decree, pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing this Chapter 11 Case.

10. Bankruptcy Rule 105(a) provides, in part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Bankruptcy Code and Bankruptcy Rules require a bankruptcy court to close a chapter 11 case when the estate is "fully administered." *See* 11 U.S.C. § 350(a) ("After an estate is fully administered and the court has discharged the trustee, the court shall close the case."); Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.").

11. The term "fully administered," however, is undefined in both the Bankruptcy Code and the Bankruptcy Rules. *See generally In re Wade*, 991 F.2d 402, 406 (7th Cir. 1993), *cert. denied sub nom.*, Wade v. Shook, 510 U.S. 870 (1993) (noting that the timing of a bankruptcy case closing is a "nebulous" concept) (quoting *In re Korvettes, Inc.*, 67 B.R. 730, 732 (S.D.N.Y. 1986)). The Advisory Committee Note to Bankruptcy Rule 3022 directs courts to apply six factors to determine whether a bankruptcy case has been "fully administered":

> (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note.

12. Indeed, "Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *In re Union Home and Indus.*, 375 B.R.

- 3 -

912, 917 (10th Cir. B.A.P. 2007) (quoting *In re Federated Dep't Stores*, *Inc.*, 43 Fed. Appx. 820, 822 (6th Cir. 2002)). *See also In re Ginko Associates*, *L.P.*, 2009 WL 2916917, at *2 (E.D. Pa. June 25, 2009) ("A court should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022 along with any other relevant factors, in determining whether an estate has been fully administered" and "not all the factors set forth in the Advisory Committee Notes need to be present to establish that a case is fully administered"); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

13. In addition to the factors set forth in the Advisory Note, courts also consider whether a plan of reorganization has been substantially consummated[2] in determining whether entry of a final decree is appropriate. *See, e.g.*, *In re Guterl Special Steel Corp.*, 316 B.R. 843, 861-62 (Bankr. W.D. Pa. 2004) (granting request to close bankruptcy case, holding that a "case may be fully administered for purposes of § 350(a) even though certain tasks that are ministerial in nature remain to be carried out"); *In re JMP-Newcor Int'l*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that the bankruptcy case was fully administered where the only matters remaining in the bankruptcy case were certain distributions to be made under the plan and resolution of an adversary proceeding).

14. The Reorganized Debtor submits that each of the six factors set forth in the Advisory Note are satisfied:

    (a) the Plan was confirmed and the Confirmation Order has become final;

---

[2] Substantial consummation is defined in section 1101(2) of the Bankruptcy Code to mean: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

    (b)    the deposits required by the Plan and the Amended and Restated Bond Documents in connection with the Reissued Bonds have been made;

    (c)    pursuant to Article 12 of the Plan, all right, title and interest in all of the property and assets of the Debtor were vested in and retained by the Reorganized Debtor;

    (d)    the Reorganized Debtor has assumed the business and management of the property dealt with by the Plan;

    (e)    the payments contemplated under the Plan have commenced and are substantially complete; and

    (f)    all motions, contested matters, and adversary proceedings in this Chapter 11 Case have been finally resolved.

15.    Furthermore, granting the requested relief without further delay would have beneficial effects on the Reorganized Debtors' estates by eliminating on-going costs associated with fees of the U.S. Trustee. Pursuant to 28 U.S.C. § 1930(a)(6), a debtor in a chapter 11 case must pay the U.S. Trustee a quarterly payment for each bankruptcy case that it administers. Since there will be no remaining administration required with respect to the Chapter 11 Case, there is no reason to require the Reorganized Debtor to continue to incur these fees with respect to this case, and section 14.1 of the Plan specifically contemplates that payment of fees to the U.S. Trustee will cease when the case is closed.

16.    For all of these reasons, the Reorganized Debtor requests that this Court grant a final decree for the Chapter 11 Case for all purposes (including for purposes of calculating U.S. Trustee fees) pursuant to 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022.

WHEREFORE, the Reorganized Debtor respectfully requests that the Court grant the motion, enter an order and final decree substantially in the form attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated: January 3, 2012

                McDermott Will & Emery LLP

                By:   /s/ Nathan F. Coco
                        One of Its Attorneys

                William P. Smith (*wsmith@mwe.com*)
                Nathan F. Coco (*ncoco@mwe.com*)
                Miles W. Hughes (*mwhughes@mwe.com*)
                George M. Houhanisin (*ghouhanisin@mwe.com*)
                227 West Monroe Street
                Chicago, Illinois 60606
                Phone: (312) 372-2000
                Fax: (312) 984-7700

                Counsel for the Reorganized Debtor

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CHICAGOLAND CONSERVATIVE<br>JEWISH HIGH SCHOOL FOUNDATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-19342<br><br>Hon. Judge Sonderby |

**FINAL DECREE CLOSING CHAPTER 11 CASES**

Upon the motion (the "*Motion*")[1] of Chicagoland Conservative Jewish High School Foundation, the reorganized debtor in the above-captioned case (the "*Reorganized Debtor*"), for entry of an order and final decree closing this Chapter 11 Case pursuant to sections 105(a) and 350 of title 11 of the United States Code, Rule 3022 of the Federal Rules of Bankruptcy Procedure and Local Rule 3022-1; and it appearing that proper notice was given in accordance with the Motion; and it appearing that no other or further notice is necessary; and the relief requested in the Motion being in the best interest of the Reorganized Debtor and its estate; and sufficient cause appearing therefore; it is hereby:

ORDERED, ADJUDGED and DECREED that:

1. The Motion is granted as provided herein.

2. Pursuant to Sections 105(a) and 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Chapter 11 Case shall be, and hereby is, closed.

3. To the extent not already paid, any fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a) shall be paid within fifteen (15) days of entry of this final decree.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

- 1 -

4. In the event the Reorganized Debtor reopens this case, the U.S. Trustee shall retain all rights and privileges under 28 U.S.C. § 1930(a)(6).

5. The Garden City Group, Inc. ("*GCG*"), the Debtor's claims and balloting agent, shall have no further obligations (arising out of the retention agreement or otherwise) to the Court, the Debtor, or any party in interest with respect to this case. Within thirty (30) days of entry of this order and final decree, GCG shall forward to the Clerk of the Court (a) an updated list of creditors in .txt format, (b) an updated Fed. R. Bankr. P. 2002 notice list in .txt format, (c) a final claims register in both alphabetical and numerical order in paper and .pdf format, and (d) all original proofs of claim. GCG is authorized to deactivate the public case administration website and close the post office box dedicated to receiving mail in these cases. GCG shall retain all pertinent emails, facsimiles, and other electronic transmissions received by GCG in these cases for a period of one (1) year following entry of this order and final decree, after which time GCG, in its discretion, may delete such emails, facsimiles, and other electronic transmissions.

6. The closing of this Chapter 11 Case will in no way prejudice a claimant's rights to receive distributions under the Plan to the extent such claimant's claim is ultimately allowed, nor will the closing of this Chapter 11 Case otherwise alter or modify the terms of the Plan.

7. This Court shall retain jurisdiction to construe and enforce the terms of the this order and final decree.

Dated: January __, 2011

_____
United States Bankruptcy Judge